IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
JUL 16 2018
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| CHRISTY MILBURN,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA HOUSING AUTHORITY and UNITED STATES DEPARTMENT OF AGRICULTURE RURAL DEVELOPMENT,<br><br>Defendants. | CV 18–10–M–DLC<br><br>ORDER |

Defendant United States Department of Agriculture Rural Development ("USDA Rural Development") has filed a Motion to Dismiss, arguing that Plaintiff has not set forth a basis for jurisdiction or the waiver of sovereign immunity for suit against a United States federal agency. (Doc. 7.) Defendant Missoula Housing Authority ("MHD") does not object to the Motion. (Doc. 11.) Plaintiff Christy Milburn ("Milburn") concedes that all her claims against USDA Rural Development should be dismissed.[1] (Doc. 14.)

District courts tend to decline exercising supplemental jurisdiction over remaining state law claims when all federal law claims have been dismissed. 28

---

[1] Milburn indicates in her Response that some claims should be dismissed without prejudice and some with prejudice.

-1-

U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). In exercising its discretion, the Court must consider whether retaining or declining jurisdiction will best accommodate "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). To retain jurisdiction over Milburn's remaining state law claims against MHD would hinder judicial economy, fairness, and comity. This Court declines to exercise supplemental jurisdiction over the remaining state law claims, and finds that a remand to state court is appropriate.

IT IS ORDERED that Defendant USDA Rural Development's Motion to Dismiss (Doc. 7) is GRANTED. Count 1 and 2 against USDA Rural Development are DISMISSED WITHOUT PREJUDICE. Counts 3, 4, 5, and 6 against USDA Rural Development are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over the remaining claims brought under state law. Consequently, this case is REMANDED back to the Montana Fourth Judicial District Court, Missoula County, for all further proceedings.

Dated this 16th day of July, 2018.

Dana L. Christensen, Chief Judge
United States District Court